## Case No. 15,986.

### UNITED STATES v. PACKAGE OF WOOL.

[Gilp. 349.] [1]

District Court, E. D. Pennsylvania. May Term, 1833.

CUSTOMS LAWS — FORFEITURES — OMISSIONS FROM INVOICE—EVIDENCE OF MISTAKE.

1. On an information for forfeiture of a package of goods, containing an article not described in the invoice. under the provisions of the act of May 28, 1830 [4 Stat. 409], evidence of accident or mistake may be given, to rebut the inference of fraudulent intention, but is not a sufficient ground of defence.

2. Where an article not described in the invoice is found in a package. the whole package, and not the article alone, is forfeited under the provisions of the act of May 28, 1830.

On the 16th October, 1830, the attorney of the United States for the Eastern district of Pennsylvania, filed an information against a package containing two hundred and fifty pounds of coney wool and five dozen and ten caps, imported into the port of Philadelphia on the 8th September, 1830, from Liverpool, in the ship Ann. The information alleged that the goods were subject to ad valorem duty, and that the package being inspected was found to contain certain goods, wares, and merchandise not described in the invoice, whereby the same was forfeited; and due process of law, for the condemnation of the goods in question, was prayed for. On the 26th November, 1833, Daniel Vail and Peter Marseilles filed a claim to the package. In answer to the information the claimants averred, that if the package did contain articles not described in the invoice, the same occurred wholly by accident and mistake, and without any intention to defraud the United States, and they alleged that it was not liable to forfeiture. To this answer a general replication· was filed on the part of the United States.

On the 27th May, 1833, the case came on

---

[1] [Reported by Henry D. Gilpin, Esq.]

for trial before Judge HOPKINSON and a special jury.

On the part of the United States the original invoice, presented at the custom house by the claimants at the time of entry, was produced. It described the package in question as containing only two hundred and fifty pounds of coney wool. It was proved that on opening it at the public stores five dozen and ten caps were found within. The counsel for the claimants then offered to read testimony, taken under a commission to London, in order to prove that the articles thus omitted in the invoice, were put into the box by accident or mistake.

Mr. Gilpin, U. S. Dist. Atty.
Mr. Chauncey, for claimants.

HOPKINSON, District Judge. The question of law in this case has been fully argued and considered, in another case, by this court. It is my opinion, that the only fact we have to try here, is whether the package contained articles not described in the invoice. We have nothing to do with the intention, with which they were so put in the box, nor whether it was done by mistake and accident, or with a fraudulent design upon the revenue. This is an inquiry for the secretary of the treasury to make, should the case be brought under his consideration, in the manner directed by the act of congress, and not for this court and jury to pass upon. In strictness, therefore, the evidence now offered should be rejected as having no relevancy to the issue; but, as the claimants are said to be respectable merchants, it may be due to them, or at least, no unreasonable indulgence, to allow them to show their case to the jury and the public, as it really is. I shall, therefore, permit the testimony to be read for the reason given, and not for any influence it can legally have on the verdict.

This evidence being read, and no other offered on the part of the United States, HOPKINSON, District Judge, delivered the following charge to the jury: It is the opinion of the court that, by the revenue laws, if any package, imported into the United States, shall be found to contain any articles not described in the invoice, the whole package shall be forfeited; and that this forfeiture cannot be avoided, by showing that the articles omitted in the invoice were put into the package by accident or mistake, and without any intention to defraud the United States. The power to remit the forfeiture, in cases of accident or innocent mistake, without a fraudulent intention, is given to the secretary of the treasury, and not to the court and jury by whom the issue on the information is tried.

The jury found a verdict for the United States.